[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 3, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13523
Non-Argument Calendar

_____

BIA No. A96-021-598

NOLOKMRIZAJ MRIZAJ,
a.k.a. Ndoke Mrizaj,

                                                        Petitioner,

        versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of
the Board of Immigration Appeals

_____

**(May 3, 2005)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Ndoke Mrizaj petitions for review of the Board of Immigration Appeals' (BIA's) order denying his motion to remand and affirming the Immigration Judge's (IJ's) denial of his second motion to reopen his removal proceedings. We deny the petition.

## I. BACKGROUND

In February 2003, Mrizaj, a citizen of Albania, was personally served with a Notice to Appear (NTA), and informed in his native language of the consequences of failure to appear at his removal hearing. In March 2003, the immigration court sent Mrizaj a hearing notice, which indicated a master hearing had been set for July 3, 2003, in Miami, Florida. When Mrizaj failed to appear for his removal hearing on July 3, 2003, the IJ ordered him removed *in absentia*. Mrizaj filed a motion to reopen the *in absentia* removal order, arguing his absence had been the result of an "unexpected illness" consisting of a headache, polyuria, and abdominal pain, but he failed to provide any supporting documentation, and his motion was denied. Mrizaj filed a second motion to reopen the *in absentia* removal order, which was identical to his first motion, but provided documentation of his illness. The IJ denied Mrizaj's second motion to reopen, and Mrizaj filed an appeal with the BIA, as well as a motion to remand for

2

consideration of new evidence.  The BIA dismissed Mrizaj's appeal and denied his motion to remand.

## II.  DISCUSSION

We review the BIA's denial of a motion to reopen for an abuse of discretion.  *Lonyem v. U.S. Attorney Gen.*, 352 F.3d 1338, 1340 (11th Cir. 2003).  Judicial review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious."  *Garcia-Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985) (internal quotations and citation omitted). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements."  *Mickeviciute v. INS*, 327 F.3d  1159, 1162 (10th Cir. 2003) (internal quotations omitted).

Any alien who, after written notice has been provided, does not attend a proceeding shall be ordered removed *in absentia* if the INS establishes by "clear, unequivocal, and convincing evidence" it gave written notice and the alien is removable.  8 U.S.C. § 1229a(b)(5)(A).  An *in absentia* removal order may be rescinded if, within 180 days of the order, the alien moves to reopen, demonstrating the failure to appear was because of exceptional circumstances.  8 U.S.C. § 1229a(b)(5)(C).  Exceptional circumstances include circumstances

3

beyond the control of the alien, such as "serious illness of the alien," but do not include "less compelling circumstances." 8 U.S.C. § 1229a(e)(1). We have noted:

> The phrase "serious illness" is not defined in the statute or its implementing regulations. The BIA has suggested several ways in which such an illness may be demonstrated. "A medical professional . . . comment[], in detail, on the severity of the illness of the alleged. In the alternative, [such a] claim may [be] substantiated through detailed affidavits from the respondent, roommates, friends, and co-workers, attesting to the extent of his disabilities and the remedies used."

*Lonyem*, 352 F.3d at 1341 (citing *In re J-P-*, 22 I & N Dec. 33 (1998)) (alteration in original).

In *Lonyem*, an alien, who failed to appear for his removal hearing and was ordered removed *in absentia*, filed a motion to reopen based upon his having contracted malaria the day before the hearing. *Id.* at 1339. We found no abuse of discretion where the IJ concluded the evidence provided by Lonyem was insufficient to support his claim he was "too sick to attend his removal hearing." *Id.* at 1341. We also noted Lonyem's failure to make any effort to notify the immigration court regarding his absence was "a factor which tend[ed] to undermine [his] claim of exceptional circumstances," and was "particularly noteworthy given the fact that [he] tried, albeit unsuccessfully, to contact his attorney." *Id.*

4

Although a party may, generally, file only one motion to reopen proceedings, 8 C.F.R. § 1003.23(b)(1), this numerical limitation does not apply to motions to reopen based upon exceptional circumstances, 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1) and (D). Motions to reopen are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *INS v. Doherty*, 112 S. Ct. 719, 724–25 (1992).

"[I]f a motion to remand seeks to introduce evidence that has not previously been presented, it is generally treated as a motion to reopen under 8 C.F.R. § 3.2(c) [now 8 C.F.R. § 1003.2(c)]." *Najjar v. Ashcroft*, 257 F.3d 1262, 1301 (11th Cir. 2001). "Where the motion is treated as one to reopen, the pleading should be subjected to the substantive requirements for such a motion." *Id.*

Mrizaj does not dispute he was served with a NTA. According to the NTA, Mrizaj was provided with oral notice in Albanian of the consequences of failure to appear for his removal hearing. Mrizaj signed the NTA, indicating he had been served in person and given the oral notice. Because Mrizaj failed to attend his removal hearing after receiving appropriate notice, the IJ did not err in removing him *in absentia*. *See* 8 U.S.C. § 1229a(b)(5)(A).

The evidence offered by Mrizaj in support of his second motion to reopen and his motion to remand did not establish exceptional circumstances for his

5

failure to appear at his removal hearing. Although Mrizaj claimed in his second affidavit he had a history of hospitalizations and complications resulting from his being severely burned as a child, he failed to submit any evidence regarding (1) his previous hospitalizations and complications, and (2) any connection between the illness he suffered on July 2, 2003, and his having been burned. More importantly, Mrizaj failed to allege his present illness was in any way related to his previous illnesses. According to the document provided, Mrizaj was diagnosed only with a headache and polyuria, and told to "drink plenty of fluids" and take "NSAIDs for pain." Although Mrizaj was in an emergency room in New York from the evening before his removal hearing until the morning of that hearing, there is nothing in the evidence submitted by Mrizaj to suggest his illness was "serious."

Moreover, although Mrizaj claimed he informed his former attorney he would be unable to attend the July 3, 2003, hearing, Mrizaj provided no evidence of this, either in the form of an affidavit from the attorney or otherwise. Furthermore, as in *Lonyem*, Mrizaj's failure to make any effort to notify the immigration court regarding his absence undermines his claim of exceptional circumstances, especially in light of his statement he contacted his former attorney. *See Lonyem*, 352 F.3d at 1341. The BIA did not err in finding Mrizaj

6

failed to provide sufficient evidence to establish exceptional circumstances for his failure to appear at his removal hearing, as there was nothing to suggest that Mrizaj was "too sick to attend his removal hearing." *See id.* Accordingly, the BIA did not abuse its discretion, and we deny Mrizaj's petition.

PETITION DENIED.